PARHAM VS. IZARD.

30 557
77 253
77 254

The case of *English* v. *Oliver, coll.*, 28 Ark., 317, holding that Treasurer's certificates were receivable for State, county and municipal taxes, reaffirmed.

APPEAL from *St. Francis* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*Howes, Yonley and Whipple* for appellants.

Treasurer's certificates are bills of credit, and void under the constitution of the United States. *Briscoe* v. *Bank of Ky.*, 11 Pet., 257; *Byrne* v. *Missouri*, 8 Pet., 40; *Craig* v. *Missouri*, 4 Pet., 410. It is an attempt to make a legal tender. Section 10, article 1, of United States Constitution. The act impairs the obligation of contracts. *Dartmouth College* v. *Woodward*, 4 Wheat., 694, 695; Cooley's Constitutional Lim., 235, 237. It

violates art. 10, sec. 15, Constitution of Arkansas, '68. No law making them receivable for city and school taxes. Act of 1871 was the only act in force prescribing the sole rule. Sedg. on Stat. Law, 126 ; *Pulaski Co.* v. *Downing,* 10 Ark., 589. The former acts had expired. *Price & Barton* v. *Page,* 25 Ark., 527. The act of 1871 covered the whole ground and is the only one affording a rule.

*Attorney General Hughes,* for appellee.

Cited Cooley's Const. Lim., 87, 173-4, 276, (side p.) 240, 241; Abbott's Digest Law of Corp., 484, secs. 16–20. State scrip not bills of credit. *Briscoe* v. *Bank of Ky.,* 11 Peters, 257 ; *Craig* v. *Mo.,* 4 Pet., 410 ; *Darrington* v. *Bank of Ala.,* 13 How., 12,

On the matter of contract. *English* v. *Oliver,* 28 Ark., 317; *State* v. *Chicot Co.,* 12 Ark., 725 ; *Woodruff* v. *Trapnall,* 10 Howard U. S., 203 ; *Curran* v. *State,* 15 How., 304 ; *Freeman* v. *Nicholls,* 8 Wallace, 44 ; *McGee* v. *Mathis,* 4 Wall., 143.

Political corporations have no taxing power except as granted. 27 Ark., 419, 467 ; Blackwell on Tax T., 523 etc.; Dillon on Mu. Corp., sec. 59 ; Cooley's Const. Lim., 276.

No constitutional rights are infringed by making scrip receivable for taxes. Cooley's Const. Lim., 192, 193 ; *Dartmouth College* v. *Woodward,* 4 Wheat. 518 ; *Montperier Academy* v. *George,* 14 La. Ann., 406 ; *Trustees of Schools* v. *Satman,* 13 Ill., 30 ; *Layton* v. *N. O.,* 12 La. Ann., 515; *Burrow of Dunsmire's Appeal,* 52 Tenn., 379 ; *Burns* v. *Clarion Co.,* 62 Tenn. St., 422 ; *Cambridge* v. *Lexington,* 17 Tick. 222; *Att'y Gen'l* v. *Cambridge,* 16 Gray, 247 ; *City of St. Louis* v. *Allen,* 13 Mo., 414.

HARRISON, J.:

The appellee, the owner of two lots in the Town of Forrest City, in the County of St. Francis, on the 29th day of March,

1875, tendered to the collector of taxes of said county, the appellant, to pay the taxes thereon for the year 1874, the amount of the state sinking fund tax and county bonds' interest tax in United States currency, and ninety dollars, the amount of other state, county, town and district school taxes in treasurer's certificates or state scrip, issued prior to the adoption of the present constitution.    The collector refused to receive the treasurer's certificates for these taxes, and the appellee applied to the Circuit Court for a mandamus to compel him to receive them.

In response to the petition, the collector denied that such certificates were legally receivable, either for county, municipal or district school taxes, and also alleged that he had been directed to receive, by an order of the County Court, nothing for county taxes but United States currency and the warrants of the county, and by an ordinance of the common council of said town, for its taxes, but such currency and its own warrants. Appellee demurred to the response. The court sustained the demurrer, and granted the peremptory mandamus.

All the questions presented in this case, except as to the effect of the order of the County Court, and the ordinance of the common council, were passed on and decided in the case of *English* v. *Oliver*, 28 Ark., 317.

The court in that case, after full and thorough consideration, reversed its former decision in *Wells* v. *Cole*, 27 Ark., 603, and held the acts under which such treasurer's certificates were issued and made receivable for taxes, not in conflict with either the State or National Constitution, and that the same are receivable for all state, county, municipal and school taxes not especially excepted in said acts. We have, as they have been elaborately argued, again given them a careful consideration, but find no reason to disturb the decision in that case.

The order of the County Court, and the ordinance of the common council inhibiting the collector from receiving the certificates, were in contravention of law and void.

There was no error in the judgment of the Circuit Court in issuing the mandamus and the same is affirmed.